**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FENG LIN, a.k.a. Wu Lin, | No. 12-73022 |
| Petitioner, | Agency No. A099-580-768 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Feng Lin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal,

and denying his motion to remand.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review for abuse of discretion the denial of a motion to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on significant inconsistencies within Lin's testimony, and between his testimony, written statement, and the letters from his family regarding the incidents he alleges occurred with family planning officials in China. *See Shrestha*, 590 F.3d at 1047 ("inability to consistently describe the underlying events that gave rise to [petitioner's] fear was an important factor that could be relied upon by the [agency] in making an adverse credibility determination"). The agency reasonably rejected Lin's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Lin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, the BIA denied Lin's motion to remand, inter alia, because Lin's new evidence did not indicate the harm he feared in China would rise to the level of persecution. Lin does not raise any arguments in his opening brief challenging

this dispositive basis.  *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (agency may deny a motion to reopen based on failure to establish a prima facie case for the relief sought).

 **PETITION FOR REVIEW DENIED.**